Whitlock, J.
It seems to me that it was forfeited to the Queen by the attainder, by force of the general statute of 23 H. 8. and also by force of the special statute above referred to: and that the Queen may tender &c. and therefore the lease is good. The main objection against it is this—that the condition is, that if Shelley tender &c. and declare his intention &c. Therefore as it is said that Shelley shall declare his intention and the use, ergo, it is objected, no one else can. Consequently, as it is annexed to his person, it shall not be forfeited to the Queen. To this objection, I answer, that it is a rule in law. Expressio eorum, quætacite funt, nihil Operatur: the words of the party are void, when the law itself speaks. And thus it is in Litt. 331. If a man leases land rendering rent, and if the rent be behind on the day of payment, that then the lessor may distrain; the last clause, respecting the distress, is idle: inasmuch that the law says so. And therefore, if the clause had been, that if the rent be behind for ten or twenty days, it seems that he may distrain the next day, after the rent becomes due, for this circumstance does not vary the case. Thus 30 Ass. 8. And in this case it was held by one of the Justices, that the Queen may shew the reason for tendering the ring and gloves &c. and that her intent &c. Forasmuch as he has bound himself by the proviso, to no more than the law had bound him to, it operates as nothing; and then another may tender for him and declare the intention. And in order to prove that he is bound by *26 the law to shew the intention of his tendering the ring or the gloves, observe that the tender has two effects, one proper (direct), or the gift of the ring, gloves, &c. the other improper (indirect) which respects the conveyance. Now, I say that an act that has an improper (indirect) effect, ought to be express. Plow. 93. If one makes entry on land, a casual entry, viz. to hunt on the *land &c. it operates as nothing, 43 E. 3. Feoffment 51. 6 Rep. Shop’s case. The delivery of a deed of feoffment on the land, makes it a deed, which is the proper effect; but it does not make it absolute, which is the improper effect, without expressing something which amounts to a livery. In this case the tender of the ring operates only to the proper, but not to the improper effect (which is the alternation of the conveyance) without an express mention of the intention. And the law requires that the intention should be made to appear.
2, The second reason to prove, that according to law, the intention ought to be expressed, is that if it be not said to what intent, the ring, &c. are tendered, the feoffee cannot take notice of it, and it is not reasonable that the use should pass without notice, as appear in Dyer 359. 8 Rep. Francis’s case, 3 Rep. Pennant’s case. For as the ring, gloves or money, might be given by way of gift, ex amore, or kindness, it is not reasonable that the use be altered, without expressing that they are given for that purpose. Then, when he bound himself by the proviso to express the motives of the tender, he bound himself to nothing more than the law did bind him to—ergo his words are to no purpose.
•3. It is a very uncertain condition. Fir ft, with regard tp the time'• for the tender may bo at any time during his life- Secondly,-with regard to the perfon the tender ⅛ uncertain, becaufe it taay be to any of the feoffees. Thirdly, bgcaufe it is uncertain, with regard to the thing to be tendered, which may be a ring, gloves or money. Fourthly, the place i$ uncertain, for there is np exprefs placfe fixed, where the tender íhall be. I fay, that on accciunt of thefe many uncertainties, it is reafonable, and the,law requires that the intention be expreffed. And as he is bound by law to exprefs it, it is to no _purpofe that he fhould bindhimfelf to do it by the provifo. Confequently -one may do if for him, nqtwithflandbg the above objection.
4. In all these cases, except two, I conceive that a *27 condition may be forfeited to the Crown. The first is when the act is annexed to the mind of a man; there it cannot be forfeited to the King: because the mind of one man cannot be transferred to another. Englefield’s case, 7 Rep. If the condition had been that if the feoffor, in his discretion, should conceive that his nephew had become vitious, &c. that then on tender &c. there, in case of attainder, it would not have been forfeited to the Crown, because it is annexed to the judgment and discretion of Englefield, and therefore could not be transferred to any other; for the discretion and *mind of no other man is his. The other case is when the condition is annexed to the person of a man, as in the Duke of Norfolk’s case, cited in Englefield’s: the proviso then was, that if the Duke signified under his hand and seal &c. there another man could not signify with the hand and seal of the Duke. I conceive that all other conditions are forfeited to the King by attainder. Consequently as in this case the condition is not annexed to the mind or person of Shelley, inasmuch as he has spoken nothing, except what the law speaks, and consequently is not bound by it (his speech.)
5. The tender of the ring in this case, is the principal act, the declaration is only the accessary. And it cannot be denied that the power of tendering may be forfeited to the Crown, and consequently the declaration also. Quia accessorium sequitur suum principale. And it seems to me plain, that the declaration follows the tender, and not the person of Shelley. Wherefore I conclude that this condition is forfeited to the Queen, and there ought to be judgment for the defendant.